UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

DAVID S. GROSS,

                Plaintiff,

        -against-

APPLIED UV. INC., ET AL.,

                Defendants.

25-CV-2237 (LTS)

ORDER DIRECTING PAYMENT OF FEE
OR AMENDED IFP APPLICATION

LAURA TAYLOR SWAIN, Chief United States District Judge:

      Plaintiff brings this action *pro se*. To proceed with a civil action in this Court, a plaintiff must either pay $405.00 in fees – a $350.00 filing fee plus a $55.00 administrative fee – or, to request authorization to proceed without prepayment of fees, submit a signed IFP application. *See* 28 U.S.C. §§ 1914, 1915.

      Plaintiff submitted an IFP application, but his responses do not establish that he is unable to pay the filing fees. Plaintiff states that he is currently self-employed and that he earns approximately $687 per month. Plaintiff's parents pay his rent, and he has an additional $318 in expenses each month. Plaintiff further alleges that he has $19,100 in cash or in a checking or savings account, and that he has approximately $40,673 in several brokerage and IRA accounts. Plaintiff states that he has no dependents and no debts or financial obligations. While Plaintiff has a relatively low monthly income, his monthly expenses for which he is responsible amount to less than half of his monthly income. Furthermore, he states that he has more than $19,000 in cash or in a savings or checking account. Even without considering the funds Plaintiff has in brokerage and IRA accounts, it appears that Plaintiff may have sufficient funds to pay the filing fees.

Accordingly, within thirty days of the date of this order, Plaintiff must either pay the $405.00 in fees or submit an amended IFP application. If Plaintiff submits the amended IFP application, it should be labeled with docket number 25-CV-2237 (LTS), and address the deficiencies described above by providing facts to establish that he is unable to pay the filing fees. If the Court grants the amended IFP application, Plaintiff will be permitted to proceed without prepayment of fees. *See* 28 U.S.C. § 1915(a)(1).

No summons shall issue at this time. If Plaintiff complies with this order, the case shall be processed in accordance with the procedures of the Clerk's Office. If Plaintiff fails to comply with this order within the time allowed, the action will be dismissed.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444–45 (1962) (holding that appellant demonstrates good faith when seeking review of a nonfrivolous issue).

SO ORDERED.

Dated:   March 24, 2025
         New York, New York

                                          /s/ Laura Taylor Swain
                                          LAURA TAYLOR SWAIN
                                          Chief United States District Judge